GULLY, STATE TAX COLLECTOR, v. DIAMOND *et al.*

(Division B.   April 2, 1934.)

[154 So. 289.   No. 31121.]

Barbour & Henry, of Yazoo City, for appellant.

Maynard, FitzGerald & Venable, of Clarksdale, J. Morgan Stevens, of Jackson, and Means Johnston, of Greenwood, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The state tax collector filed a bill in the chancery court of Leflore county against M. Diamond to collect a loan made by the board of supervisors to said M. Diamond in 1929 and renewed in 1932.

The bill makes as defendants the board of supervisors in office in 1929 when the loan was made, and their successors in office in 1932 who extended the loan for one year, and the sureties on their bonds, reciting that, owing to the great depression, they thought it would be to the best interest of the county, the sinking fund, and said M. Diamond. The allegations of the bill are that, by a unanimous vote, all members being present, the loan to M. Diamond was made out of the sinking funds of Leflore county, Miss., without any order on their minutes showing an appraisement of the property at a value four times the amount of the loan, and without an order showing that the title to the property had been approved by an attorney. That the money so loaned was to be paid back at a later date than the maturity of the bonds in the funds, and was loaned when there was no accumulation of money in the sinking funds, the loan being for more than half the assessed value of the property. The bill makes as exhibits the various bonds of the different members of the board of supervisors, the original order making the loan, the notes and deed of trust securing same, and the order of the board extending the loan in 1932.

It will be noted that the bill alleges that the loan was made so as to mature later than the bonds in the sinking fund, and when there was no accumulation of money in the sinking fund.

It does not appear from the declaration when the various bonds matured, or how much money was actually in the sinking fund, or whether there would be enough to pay the bonds as they matured. If there was sufficient

money, independent of the money loaned out of the sinking fund, to pay the bonds as they matured, the board of supervisors might have the power, on proper recitals, to extend loans by taking proper security, and making the proper recitals in their order, on the borrower paying the expenses of the suit, including the state tax collector's commission.

The order of the board of supervisors in making loans did not recite the necessary things to show the value of the property, as required by law, and that the security taken was approved by a competent attorney, and for this, and other reasons, this case comes within the principles announced in the case of J. B. Gully, State Tax Collector, v. Kate Bew et al. (Miss.), 154 So. 284, this day decided.

It follows that there was no liability against either the original board of supervisors or their successors which extended the loan for one year, since the money so loaned was applied to an object authorized by law. If a member of a board of supervisors could be sued for failure to institute a suit, under the facts as stated in the bill in the case at bar, then any other officer authorized to bring suit on behalf of a county, including the state tax collector. would also be liable for failure to promptly bring suit.

For the reasons stated in the case of J. B. Gully, State Tax Collector. v. Bew, supra, and the authorities there cited. the judgment sustaining the demurrer will be affirmed as to the members of the Board of supervisors, and reversed and remanded as to M. Diamond.

Affirmed in part and reversed in part and remanded.